UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBBIE M. WALDRON,

                      Plaintiff,

v.                                               5:10-CV-0065
                                                (GTS/DEP)
JAMES MILANA; SCOTT HENDERSON; SEAN
LYNCH; THOMAS SKARDINSKI; DETECTIVE
LAMBERTON; CITY OF SYRACUSE, NEW YORK;
CARMEL J. RIGGS; and DANIELLE RIGGS,,

                      Defendants.
_____

APPEARANCES:                            OF COUNSEL:

OFFICE OF PETER M. HOBAICA, LLC    B. BROOKS BENSON, ESQ.
  Counsel for Plaintiff
2045 Genesee Street
Utica, New York 13501

THE GOLDEN LAW FIRM              LAWRENCE GOLDEN, ESQ.
  Counsel for Plaintiff
1412 Genesee Street
Utica, New York 13502

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this civil rights and common law tort action is a motion by plaintiff, Debbie M. Waldron ("Plaintiff") against defendants, Carmel J. Riggs and Danielle Riggs ("Defendants") for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

I.      Relevant Background

      A.      Plaintiff's Amended Complaint

Generally, in her Amended Complaint, Plaintiff asserts the following four claims against Defendants: (1) malicious prosecution, (2) slander, libel and defamation, (3) fraud, and (4)

intentional infliction of emotional distress.  (*See generally* Dkt. No. 33 [Pl.'s Am. Compl.].) Generally, in support of these claims, Plaintiff alleges that Defendants made knowingly false oral and written statements to police implicating Plaintiff in an arson, for which Plaintiff was falsely arrested and imprisoned, with the intent to injure Plaintiff and that resulted in injury to Plaintiff. (*See id.* at ¶¶ 40-58.)

>  B.  **Plaintiff's Service of Her Complaint and Defendants' Failure to Answer or Otherwise Appear**

This action was originally commenced on January 19, 2010 against Defendants as well as the City of Syracuse, the County of Onondaga, and multiple agents or officers of those entities. On December 7, 2010, Honorable Neal P. McCurn, Senior United States District Judge, dismissed the action against the County of Onondaga and its officers.  (*See* Dkt. No. 30.)  On September 10, 2012, Judge McCurn granted the Syracuse Defendants' motion for summary judgment.  (*See* Dkt. No. 60.)  Thereafter, Plaintiff appealed Judge McCurn's decision, which is currently pending before the Court of Appeals for the Second Circuit.

Despite being served with a summons and complaint on January 28, 2010, *(see* Dkt. No. 15 [Aff. of Service]), Defendants have never answered the complaint or otherwise appeared in this action.  On August 29, 2011, upon request from Plaintiff, the Clerk of the Court entered default against Defendants.

On October 2, 2012, this Court issued an Order directing Plaintiff that a motion for default must be filed, if at all, within thirty days of the Order.  On November 1, 2012, Plaintiff sought an extension of time to file her motion, which was granted.  On December 3, 2012 Plaintiff filed the current motion for default judgment against Defendants.

Generally, in support of her motion for default judgment against Defendants, Plaintiff argues that neither of the Defendants have appeared in this action and that default has been entered. Plaintiff further argues that her Amended Complaint sets forth valid New York common law claims for malicious prosecution, "slander, libel and defamation," fraud and intentional infliction of emotional distress against both Defendants.

Accordingly, Plaintiff requests that the Court, not a jury, determine the damages she is entitled to by reason of the personal injuries she sustained as a result of the tortious acts committed against her by Defendants. Plaintiff contends that the items of damage to be determined by the Court at a damages inquest hearing include punitive damages, attorney's fees and costs.

## II.     Relevant Legal Standards

### A.     Legal Standard Governing Motions for Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, courts must follow a two-step procedure in order to enter a default judgment. *See Paramount Pictures Corp. v. Hopkins*, No. 07-CV-593, 2008 WL 314541, at *2 (N.D.N.Y. Feb. 4, 2008). First, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, pursuant to Rule 55(b)(2), the party seeking default judgment must present its application for an entry of judgment to the court. *See* Fed. R. Civ. P. 55(b)(2).

When a court considers a motion for the entry of a default judgment, it must first "accept[ ] as true all of the factual allegations of the complaint ...." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981) (citations omitted). Next, the court must determine whether

3

those facts are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 505(2d Cir. 2011) (citing *Rolex Watch, U.S.A., Inc. v. Pharel*, 09-CV-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011)).

> The fact that a complaint stands unanswered does not . . . suffice to establish liability on its claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading.  With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Peri Formwork Sys., Inc. v. Vesta 50, LLC*, No. 10-CV-4773, 2013 WL 1334475, at *2 (E.D.N.Y. Mar. 11, 2013) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir.2009)).

Further, "the court cannot construe the damages alleged in the complaint as true."  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F .3d 151, 155 (2d Cir.1999) (citations omitted)). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 (citation omitted)).  This inquiry "involves two tasks: (1) determining the proper rule for calculating damages on such a claim, and (2) assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155.

### C. Legal Standards Governing Plaintiff's Claims

#### 1. Malicious Prosecution

The elements of a claim for malicious prosecution under New York common law are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Jean v. Montina*, 412 F. App'x 352, 354 (2d Cir. 2011) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

Under New York law, in order to "initiate[] a prosecution" such that liability for malicious prosecution will attach, "[t]he mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Rohman*, 215 F.3d at 217 (quoting *DeFilippo v. Cnty. of Nassau*, 583 N.Y.S.2d 283, 284, 183 A.D.2d 695, 696 (N.Y. App. Div. 1992) (quoting *Viza v. Town of Greece*, 463 N.Y.S.2d 970, 971, 94 A.D.2d 965, 966 (N.Y. App. Div. 1983) (alteration in original)); *see also Present v. Avon Prods., Inc.*, 687 N.Y.S.2d 330, 335, 253 A.D.2d 183, 189 (N.Y. App. Div. 1999) ("One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding.")).

The statute of limitations under New York law for a claim of malicious prosecution is one year and accrues when there is a favorable termination of criminal proceedings against the plaintiff. *See Norwood v. Salvatore*, No. 12-CV-1025, 2013 WL 1499599, at *15 (N.D.N.Y. Apr. 10, 2013) (citing N.Y. C.P.L.R. § 215(3); *Roman v. Comp USA, Inc.*, 832 N.Y.S.2d 270, 38 A.D.3d 751 (N.Y. App. Div. 2007)).

### 2. Slander, Libel and Defamation

"Defamation is injury to a person's reputation, either by written expression (libel) or oral expression (slander)." *Lesesne v. Brimecome*, — F. Supp. 2d —, —, 2013 WL 154299, at *2 (S.D.N.Y. 2013) (citing *Krepps v. Reiner*, 588 F. Supp. 2d 471, 483 (S.D.N.Y. 2008)). Under New York law, claims for defamation that are brought after one year from the date that the alleged defamatory statements were made are barred by the statute of limitations. *See* N.Y. C.P.L.R. § 215(3).

### 3. Fraud

Under New York law, the elements of a civil fraud claim are that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *JBCHoldings NY, LLC v. Pakter*, — F. Supp. 2d —, —, 2013 WL 1149061, at *13 (S.D.N.Y. 2013) (quoting *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415-16 (2d Cir.2006)) (quoting *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir.1996))).

A claim for common law fraud under New York law must satisfy the requirements of the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. *JBCHoldings NY, LLC*, 2013 WL at *13 (citing *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 478 F. App'x 679, 681 (2d Cir.2012) (summary order) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir.2004))). Pursuant to Rule 9(b), when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of

6

a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  "The Second Circuit has clarified that although intent may be alleged generally, 'we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations.'" *JBCHoldings NY, LLC*, 2013 WL at *13 (quoting *Lerner v. Fleet Bank*, 459 F.3d 273, 290 (2d Cir.2006) (citation omitted)).  Rather, plaintiffs must allege facts that give rise to "a strong inference of fraudulent intent."  *Id.* (quoting *Space Hunters v. United States*, 500 F. App'x 76 (2d Cir. 2012) ((quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994))).

### 4.  Intentional Infliction of Emotional Distress

The elements of a claim for intentional infliction of emotional distress under New York common law are (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress.  *See Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing *Howell v. New York Post Co.*, 612 N.E.2d 699, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350 (N.Y. 1993)).  In New York, a cause of action for intentional infliction of emotional distress accrues on the date of injury and carries a one year statute of limitations. *See Wilson v. Erra*, 942 N.Y.S.2d 127, 128-129, 94 A.D.3d 756 (N.Y. App. Div. 2012) (citing N.Y. C.P.L.R. 215(3); *Passucci v. Home Depot, Inc.*, 889 N.Y.S.2d 353, 67 A.D.3d 1470, 1471 (N.Y. App. Div. 2009)).

"Whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Stuto*, 164 F.3d at 827 (citing *Howell*, at 121, 596 N.Y.S.2d 350, 612 N.E.2d 699).  Only where the alleged

conduct "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society" will a court allow a claim for intentional infliction of emotion distress to go forward. *Id.*, at 827 (quoting *Howell*, at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699).

Courts have generally concluded that in order to successfully plead such a claim, it is not "enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Id*.

However, New York courts have sustained claims for intentional infliction of emotional distress where there is "some combination of public humiliation, false accusations of criminal or heinous conduct, verbal abuse or harassment, physical threats, permanent loss of employment, or conduct contrary to public policy." *Baez v. Jetblue Airways Corp.*, No.09-CV-596, 2009 WL 2447990, at *9 (E.D.N.Y. Aug. 3, 2009) (quoting *Stuto*, 164 F.3d at 828 (collecting cases)).

**III.     Analysis**

    **A.     Whether Plaintiff is Entitled to a Default Judgment Against Defendants on Her Claim for Malicious Prosecution**

The Court answers this question in the negative for the following reasons.

First, the Court notes that the claims against Defendants may be dismissed for failure to prosecute pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed. R. Civ. P. 41(b);[1] N.D.N.Y. R. 41.2(a). The Clerk of the Court entered default against

---

[1] Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir.1980).

8

Defendants on August 29, 2011.  (*See* Dkt. No. 44.)  It was not until December 3, 2012 that Plaintiff filed the current motion for default judgment, and that was only after the Court's prompting.  (*See* Dkt. No. 65.)  At best, fourteen months passed before Plaintiff took any action in furtherance of her claims against Defendants.  Accordingly, for this reason alone, Plaintiff's motion for default judgment on her malicious prosecution claim against Defendants is denied.

Second, Plaintiff's Amended Complaint fails to sufficiently state a claim for malicious prosecution against Defendants.  Generally, in support of Plaintiff's malicious prosecution claim against Defendants, the Amended Complaint alleges that on January 17, 2009, Defendants gave false information to one or more members of the Syracuse Police Department by signing an affidavit claiming that they saw Plaintiff at the scene of a suspicious house fire prior to and/or at about the time the fire broke out, thereby falsely implicating Plaintiff in having started the fire.  (*See* Dkt. No. 33, at ¶¶ 41-42 [Pl.'s Am. Compl.].)  The Amended Complaint also alleges that Defendants did so maliciously and without probable cause, resulting in Plaintiff's arrest and prosecution for arson and reckless endangerment as well as further injury to Plaintiff.  (*Id.* at ¶¶ 42-44, 47.)  Finally, the Amended Complaint alleges that the charges against Plaintiff were dismissed on July 13, 2009.  (*Id*. at ¶ 45.)

As indicated above in Part II.C.1. of this Decision and Order, in order to establish initiation of a prosecution, which is the first element of a claim for malicious prosecution, "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  *Rohman* , 215 F.3d at 217.  Here, Plaintiff alleges only that Defendants reported to the police that Plaintiff was present at the scene of the fire and gave testimony by affidavit in support of that report.  However, "[t]he mere reporting of a crime to police and giving testimony are insufficient."  *Id*.  Therefore, the facts alleged in the

9

Amended Complaint are not sufficient to state a claim against Defendants for malicious prosecution. Consequently, for this additional reason, Plaintiff's motion for default judgment on her malicious prosecution claim against Defendants is denied.

### B. Whether Plaintiff is Entitled to a Default Judgment Against Defendants on Her Claim of Slander, Libel and Defamation

The Court answers this question in the negative for the following reasons.

First, as previously indicated in this Decision and Order, Plaintiff's claims against Defendants may be dismissed for failure to prosecute under the Federal Rules of Civil Procedure and this Court's Local Rules. Accordingly, for this reason alone, Plaintiff's motion for default judgment on her claim of "slander, libel and defamation" against Defendants is denied.

Second, Plaintiff's claim against Defendants for "slander, libel and defamation," is barred by the statute of limitations. Generally, in support of Plaintiff's claim against Defendants for "slander, libel and defamation," the Amended Complaint alleges that Defendants' "aforementioned" false statements and affidavits were made maliciously and with the intent to injure Plaintiff. (*See* Dkt. No. 33, at ¶¶ 50-51 [Pl.'s Am. Compl.].)

As indicated above in Part II.C.2. of this Decision and Order, claims for defamation are subject to a one-year statute of limitations. *See* N.Y. C.P.L.R. § 215(3). Plaintiff has alleged that these false statements and affidavits were made on January 17, 2009. This action was not initiated until January 19, 2010. By statute in New York, "[n]o court shall extend the time limited by law for the commencement of an action." N.Y. C.P.L.R. § 215(3).[2] Therefore, courts

---

[2] This court must apply the New York's statute of limitations to New York common law tort claims such as the claims alleged against Defendants here. *See Castagna v. Luceno*, No. 09-CV-9332, 2011 WL 1584593, at *14 (S.D.N.Y. Apr. 26, 2011).

10

are "expressly prohibited" from extending the periods of statutes of limitations. *See Randolph v. CIBC World Mkts.*, 219 F. Supp. 2d 399, 402 (S.D.N.Y. 2002). Moreover, district courts may dismiss an action sua sponte on statute of limitations grounds in certain circumstances where "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609, n.11 (2d Cir. 1980)). Here, by her Amended Complaint, Plaintiff alleges injury on January 17, 2009. Therefore, the facts alleged in the Amended Complaint are not sufficient to state a claim against Defendants for "slander, libel and defamation." Consequently, for this additional reason, Plaintiff's motion for default judgment on her "slander, libel and defamation" claim against Defendants is denied.

### C. Whether Plaintiff is Entitled to a Default Judgment Against Defendants on Her Claim for Fraud

The Court answers this question in the negative for the following reasons.

First, as previously indicated in this Decision and Order, Plaintiff's claims against Defendants may be dismissed for failure to prosecute under the Federal Rules of Civil Procedure and this Court's Local Rules. Accordingly, for this reason alone, Plaintiff's motion for default judgment on her fraud claim against Defendants is denied.

Second, Plaintiff's Amended Complaint fails to state a claim for fraud against Defendants. Generally, in support of Plaintiff's fraud claim against Defendants, the Amended Complaint alleges that "by the intentionally false and fraudulent statements made by Defendants[] to the City of Syracuse police officers," Plaintiff suffered injury. (*See* Dkt. No. 33, at ¶¶ 54-55 [Pl.'s Am. Compl.].) As indicated above in Part II.C.3. of this Decision and Order, the elements of a claim for fraud under New York law are that "(1) the defendant made a

material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *JBCHoldings NY, LLC*, 2013 WL 1149061, at \*13.  According to the allegations in the Amended Complaint, Defendants made a materially false representation and Plaintiff suffered damage as a result.  However, the allegations are that Defendants intended to defraud the City of Syracuse police officers, not Plaintiff, and that it was the City of Syracuse police officers, not Plaintiff, who reasonably relied upon Defendants' representation.  Therefore, by the allegations in her Amended Complaint, Plaintiff has failed to state a claim of fraud against Defendants.  Consequently, for this additional reason, Plaintiff's motion for default judgment on her fraud claim against Defendants is denied.

        **D.**      **Whether Plaintiff is Entitled to a Default Judgment Against Defendants on Her Claim for Intentional Infliction of Emotional Distress**

The Court answers this question in the negative for the following reasons.

First, as previously indicated in this Decision and Order, Plaintiff's claims against Defendants may be dismissed for failure to prosecute under the Federal Rules of Civil Procedure and this Court's Local Rules.  Accordingly, for this reason alone, Plaintiff's motion for default judgment on her claim of intentional infliction of emotional distress against Defendants is denied.

Second, Plaintiff's claim against Defendants for intentional infliction of emotional distress is barred by the statute of limitations.  Generally, in support of Plaintiff's claim against Defendants for intentional infliction of emotional distress, the Amended Complaint alleges that Defendants' "aforementioned false statements and affidavits" were made intentionally and maliciously and with the intent to injure Plaintiff.  (*See* Dkt. No. 33, at ¶ 57 [Pl.'s Am. Compl.].)

As indicated above in Part II.C.4. of this Decision and Order, claims for intentional infliction of emotional distress are subject to a one-year statute of limitations. *See* N.Y. C.P.L.R. § 215(3). Plaintiff has alleged that these false statements and affidavits were made on January 17, 2009. This action was not initiated until January 19, 2010. By statute in New York, "[n]o court shall extend the time limited by law for the commencement of an action," N.Y. C.P.L.R. § 215(3), and courts are "expressly prohibited" from extending the periods of statutes of limitations, *Randolph v. CIBC World Mkts.*, 219 F. Supp. 2d 399, 402 (S.D.N.Y. 2002). Moreover, district courts may dismiss an action sua sponte on statute of limitations grounds in certain circumstances where "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609, n.11 (2d Cir. 1980)). Here, by her Amended Complaint, Plaintiff alleges injury on January 17, 2009. Therefore, the facts alleged in the Amended Complaint are not sufficient to state a claim against Defendants for intentional infliction of emotional distress. Consequently, for this additional reason, Plaintiff's motion for default judgment on her intentional infliction of emotional distress claim against Defendants is denied.

### IV.    Conclusion

Because Plaintiff's Amended Complaint fails to sufficiently state any claims against Defendants, Plaintiff's motion for default judgment against Defendants is denied.

**ACCORDINGLY**, it is

**ORDERED** that the motion for default judgment by plaintiff, Debbie M. Waldron against defendants, Carmel J. Riggs and Danielle Riggs, (Dkt. No.65), is DENIED; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of defendants, Carmel J. Riggs and Danielle Riggs, and close this case as to those defendants.

Dated: June 5, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge